JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.    *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Michael J. Deem, on behalf of himself and similarly situated residential and commercial consumers

**DEFENDANTS**

Infiniti Financial Services, Nissan Motor Acceptance Company, LLC, Nissan-Infiniti LT, Nissan-Infiniti Financial Services, Circle Infiniti, Inc , and XYZ Corporation 1-10 (fictitious name for unknown entity)

**(b)** County of Residence of First Listed Plaintiff _____Ocean County_____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____New Castle (Delaware)_____
*(IN U.S. PLAINTIFF CASES ONLY)*

Attorneys *(If Known)*

Lindabury, McCormick, Estabrook & Cooper, P.C.
Thomas J. Sateary (#015281989)
53 Cardinal Dr - P.O. Box 2369
Westfield, New Jersey 07091-2369
(908) 233-6800 Ext. 2422

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

R.C. Shea & Associates, Counselors at Law, P.C.
224 Main Street - P.O. Box 2627
Toms River, New Jersey 08754-2627    (732) 505-1212

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☑ 3 Federal Question *(U.S. Government Not a Party)* | |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* | |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☑ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☑ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☑ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | | ☐ 8 Multidistrict Litigation - Direct File |

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1667 *et seq.* and 15 U.S.C. § 1692 *et seq.*

Brief description of cause: Alleged violations of the Consumer Leasing Act and the Fair Debt Collection Practices Act and other claims under arising under State law regarding disclosures in motor vehicle leases and wrongful demand and collection of allegedly undisclosed fees/taxes

**VII. REQUESTED IN COMPLAINT:**    ☑ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.    DEMAND $ _____    CHECK YES only if demanded in complaint:
JURY DEMAND:    ☑ Yes    ☐ No

**VIII. RELATED CASE(S) IF ANY**    *(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MICHAEL DEEM, on behalf of himself
and a class of all other similarly situated
residential and commercial consumers,

Case No. 1:21-cv-_____

            Plaintiff(s),

   vs.

INFINITY FINANCIAL SERVICES,
NISSAN MOTOR ACCEPTANCE
CORPORATION, NISSAN-INFINITY LT,
NISSAN-INFINITY FINANCIAL SERVICES,
CIRCLE INFINITY, INC., and
XYZ CORPORATION 1-10 (a fictitious name
for a business entity unknown at this time
but who may be liable to Plaintiff and the
Class as otherwise set forth in this Complaint
or as a Debt Collector),

            Defendants.

## NOTICE OF REMOVAL

Under 28 U.S.C. §§ 1331 and 1441, Defendants Infiniti Financial Services (incorrectly identified in the original caption and complaint as "Infinity Financial Services"); Nissan Motor Acceptance Company LLC (incorrectly identified as "Nissan Motor Acceptance Corporation"); Nissan-Infiniti LT (incorrectly identified as "Nissan-Infinity LT"); Nissan-Infiniti Financial Services;[1] and Circle Infiniti, Inc. (incorrectly identified as "Circle Infinity, Inc.") (collectively, the **Nissan Defendants**), hereby remove the above-styled action, pending

---

[1] As set forth in the corporate disclosure being filed in this matter, Nissan Motor Acceptance Company LLC (**NMAC**) is a Delaware limited liability company converted from, and formerly known as, Nissan Motor Acceptance Corporation. Infiniti Financial Services is a division and registered trade name of NMAC. Nissan-Infiniti LT is a Delaware statutory trust. There is no entity, division, or trade name known as Nissan-Infiniti Financial Services.

1

as Docket No.: OCN-L-2610-21 in the Superior Court of New Jersey, Law Division, Ocean County (the **State Court Action**), to the United States District Court for the District of New Jersey. In support of removal, the Nissan Defendants state as follows:

## INTRODUCTION

1.  On or about October 8, 2021, Plaintiff Michael Deem, on behalf of himself and a putative class, commenced the State Court Action against the Nissan Defendants and "XYZ Corporation 1-10," a fictitious name for a business entity unknown by Plaintiff that is alleged to potentially be liable to Plaintiff and the class or as a Debt Collector. A true and correct copy of the Complaint, along with all service of process, and other orders served on the Nissan Defendants is attached as **Exhibit A**.

## BASIS FOR JURISDICTION UNDER 28 U.S.C. § 1331

2.  This Court has original jurisdiction over this action under 28 U.S.C. § 1331 as the State Court Action arises under the law of the United States.

3.  On the face of his complaint, Plaintiff alleges that the Nissan Defendants violated the Fair Debt Collection Practices Act, § 15 U.S.C. 1692a *et seq.* (*FDCPA*) (Count Four) and the Consumer Leasing Act, § 15 U.S.C. 1667 *et seq.* (*CLA*) (Count Five).

4.  The State Court Action is thus properly removed by the Nissan Defendants under 28 U.S.C. § 1441.

## 28 U.S.C. § 1446 REQUIREMENTS

5.  This notice of removal is timely. A notice of removal in a civil action must be filed within 30 days after a defendant is served with a copy of the initial pleading. 28 U.S.C. § 1446(b).

6. The Nissan Defendants were served with summonses and copies of the Complaint no earlier than October 25, 2021, and as late as November 1, 2021, all within 30 days of the filing of this notice of removal. 28 U.S.C. § 1446(b)(2)(B)-(C).

7. Removal to this Court is proper as the underlying State Court Action was filed in Ocean County, New Jersey, which is within this Judicial District. 28 U.S.C. § 1446(a).

8. Under 28 U.S.C. § 1446(a), the Nissan Defendants have attached all pleadings, process, and other orders served upon the Nissan Defendants (Exhibit A).

9. A copy of this Notice of Removal is being filed with the Clerk of the Superior Court of New Jersey, Law Division, Ocean County, and is being served on all counsel of record, as required under 28 U.S.C. § 1446(a), (d).

10. The Nissan Defendants all concur in and consent to this removal. Defendant XYZ Corporation 1-10 is a "fictitious name for a business entity" unknown by Plaintiff at the time the Complaint was filed. Because it has not been properly joined or served in the State Court Action, it does not need to join in or consent to removal of this action. See *id.* at § 1446 (b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of this action.")

11. The Removing Defendants do not waive any challenges that they may have to personal jurisdiction, venue, or service of process. Further, no admission of fact, law or liability is intended by this notice of removal, and all defenses, affirmative defenses, counterclaims, and motions are reserved.

Accordingly, the Removing Defendants hereby remove to this Court the above-referenced action now pending in the Superior Court of New Jersey, Law Division, Ocean County, for further proceedings.

Respectfully submitted:

Infiniti Financial Services, Nissan Motor Acceptance Company, LLC, Nissan-Infiniti LT, Nissan Infiniti Financial Services, and Circle Infiniti, Inc.

By:  /s/ Thomas J. Sateary
Thomas J. Sateary (#015281989)
LINDABURY, MCCORMICK, ESTABROOK & COOPER, P.C.
53 Cardinal Drive – P.O. Box 2369
Westfield, NJ 07091-2422
(908) 233-6800 Ext. 2422
tsateary@lindabury.com

697544

4

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was served by

e-mail and first class U.S. mail on November 19, 2021, to the following:

Michael J. Deem (#020391998)
**R.C. SHEA & ASSOCIATES**
**COUNSELORS AT LAW, P.C.**
Attorneys for Plaintiff
244 Main Street – P.O. Box 2627
Toms River, New Jersey 08754-2627
mdeem@rcshea.com

/s/ Thomas J. Sateary
Thomas J. Sateary

5

# Exhibit A
## to
# Notice of Removal

*Pleadings in the State Court Action*

# R. C. Shea & Associates

COUNSELLORS AT LAW, P.C.

244 MAIN STREET

PO Box 2627

TOMS RIVER, NEW JERSEY  08754

(732) 505-1212

TOLL FREE (800) 556-SHEA

PERSONAL INJURY  (732) 505-0423

**ROBERT C. SHEA**
MARC S. GALELLA †
MICHAEL J. DEEM •
CHRISTOPHER R. SHEA *
ROBERT C. SHEA II
VINCENT J. DelRICCIO

* Member NJ & PA Bars
  LLM in Trial Advocacy
† Member Nat'l Academy of Elder Law Attorneys
• Certified by the Supreme Court of New Jersey as a
  Civil Trial Attorney
  Certified By The National Board of Trial Advocacy
  As A Civil Trial Advocate
  Rule 1:40 Qualified Mediator

**BERKELEY TOWNSHIP OFFICE**
HOLIDAY CITY PLAZA III
600 MULE ROAD, SUITE 16
TOMS RIVER, NJ 08757

**BRICK AREA**
(732) 451-0800

**MANCHESTER AREA**
(732) 408-9455

October 25, 2021

VIA: PROCESS SERVOR
NISSAN MOTOR ACCEPTANCE CORP.
One Nissan Way
Franklin, TN  37067

      RE:    MICHAEL DEEM v. INFINITY FINANCIAL SERVICES, et als.
              DOCKET NO.:  OCN-L-2610-21
              OUR FILE NO.:  14335

Dear Sir/Madam:

      Enclosed please find a Summons and Complaint in this captioned matter.

      Please read the enclosed papers very carefully.  You have 35 days in which to file an Answer to the Complaint.

      If you had insurance at the time of the accident then I urge you to contact your insurance company and notify them of this lawsuit.

      Please be guided accordingly.

              Very truly yours,

              /s/ Michael J. Deem

              MICHAEL J. DEEM

MJD/kfs
Encl.

**R.C. SHEA & ASSOCIATES**
Counsellors At Law, P.C.
244 Main Street – PO Box 2627
Toms River, New Jersey 08754-2627
Tel: (732) 505-1212/ Fax (732) 505-0423
MJD: Atty. #020391998
Attorneys for Plaintiff
File Number:

| | |
|---|---|
| MICHAEL DEEM, on behalf of himself and a class of all other similarly situated residential and commercial consumers, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – OCEAN COUNTY |
| | Docket No.: OCN-L-2610-21 |
| Plaintiff(s), | |
| vs. | CIVIL ACTION |
| | **SUMMONS** |
| INFINITY FINANCIAL SERVICES, NISSAN MOTOR ACCEPTANCE COPRORATION, NISSAN- INFINITY LT, NISSAN INFINITY FINANCIAL SERVICES, CIRCLE INFINITY, INC., and XYZ Corporation 1-10 (a fictitious name for a business entity unknown at this time but who may be liable to plaintiff and the class as otherwise set forth in this Complaint or as a Debt Collector , | |
| Defendants. | |

FROM THE STATE OF NEW JERSEY
TO THE DEFENDANT :                  NISSAN MOTOR ACCEPTANCE CORP.

     The plaintiffs, named above, have filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (The address of each deputy clerk of the Superior Court is provided.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior

Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625. A $135.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.

*MICHELE M. SMITH*
Clerk of the Superior Court

Dated:   October 25, 2021

Defendant to be served:     NISSAN MOTOR ACCEPTANCE CORP.
Address:                    One Nissan Way
                            Franklin, TN   37067

# R. C. SHEA & ASSOCIATES

COUNSELLORS AT LAW, P.C.

ROBERT C. SHEA
MARC S. GALELLA †
MICHAEL J. DEEM •
CHRISTOPHER R. SHEA *
ROBERT C. SHEA II
VINCENT J. DELRICCIO

244 MAIN STREET
PO Box 2627
TOMS RIVER, NEW JERSEY  08754
(732) 505-1212
TOLL FREE (800) 556-SHEA

BERKELEY TOWNSHIP OFFICE
HOLIDAY CITY PLAZA III
600 MULE ROAD, SUITE 16
TOMS RIVER, NJ 08757

BRICK AREA
(732) 451-0800

MANCHESTER AREA
(732) 408-9455

* Member NJ & PA Bars
  LLM in Trial Advocacy
† Member Nat'l Academy of Elder Law Attorneys
• Certified by the Supreme Court of New Jersey as a
  Civil Trial Attorney
  Certified By the National Board of Trial Advocacy
  As A Civil Trial Advocate
  Rule 1-40 Qualified Mediator

PERSONAL INJURY  (732) 505-0423

October 26, 2021

VIA: PROCESS SERVOR
INFINITY FINANCIAL SERVICES
8900 Freeport Parkway
Irving, TX  75063

RE:     MICHAEL DEEM v. INFINITY FINANCIAL SERVICES,et als.
        DOCKET NO.:  OCN-L-2610-21
        OUR FILE NO.:  14335

Dear Sir/Madam:

Enclosed please find a Summons and Complaint in this captioned matter.

Please read the enclosed papers very carefully.  You have 35 days in which to file an Answer to the Complaint.

If you had insurance at the time of the accident then I urge you to contact your insurance company and notify them of this lawsuit.

Please be guided accordingly.

Very truly yours,

/s/ Michael J. Deem

MICHAEL J. DEEM

MJD/kfs
Encl.

Rec'd Date _10-26-21_ Rec'd Time _5:00Pm_

Service To _____

Date _11-1-21_    Time _2:20pm_

Gean O. Smith    PSC-4683
Sig. _____

**R.C. SHEA & ASSOCIATES**
Counsellors At Law, P.C.
244 Main Street – PO Box 2627
Toms River, New Jersey 08754-2627
Tel: (732) 505-1212/ Fax (732) 505-0423
MJD: Atty. #020391998
Attorneys for Plaintiff
File Number:

| | | |
|---|---|---|
| MICHAEL DEEM, on behalf of himself and a class of all other similarly situated residential and commercial consumers, | : : : : | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – OCEAN COUNTY  Docket No.: OCN-L-2610-21 |
| Plaintiff(s), | : | |
| vs. | : : : : : | CIVIL ACTION  **SUMMONS** |
| INFINITY FINANCIAL SERVICES, NISSAN MOTOR ACCEPTANCE COPRORATION, NISSAN- INFINITY LT, NISSAN INFINITY FINANCIAL SERVICES, CIRCLE INFINITY, INC., and XYZ Corporation 1-10 (a fictitious name for a business entity unknown at this time but who may be liable to plaintiff and the class as otherwise set forth in this Complaint or as a Debt Collector , | : : : : : : : : : : : | |
| Defendants. | : | |

FROM THE STATE OF NEW JERSEY
TO THE DEFENDANT :                    INFINITY FINANCIAL SERVICES

The plaintiffs, named above, have filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (The address of each deputy clerk of the Superior Court is provided.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior

Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625. A $135.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.

*MICHELE M. SMITH*
Clerk of the Superior Court

Dated:   October 25, 2021

Defendant to be served:       INFINITY FINANCIAL SERVICES
Address:                      8900 Freeport Parkway
                              Irving, TX  75063

# R. C. SHEA & ASSOCIATES

COUNSELLORS AT LAW, P.C.
244 MAIN STREET
PO Box 2627
TOMS RIVER, NEW JERSEY 08754
(732) 505-1212
TOLL FREE (800) 556-SHEA

ROBERT C. SHEA
MARC S. GALELLA †
MICHAEL J. DEEM ▪
CHRISTOPHER R. SHEA *
ROBERT C. SHEA II
VINCENT J. DELRICCIO

BERKELEY TOWNSHIP OFFICE
HOLIDAY CITY PLAZA III
600 MULE ROAD, SUITE 16
TOMS RIVER, NJ 08757

BRICK AREA
(732) 451-0800

MANCHESTER AREA
(732) 408-9455

PERSONAL INJURY  (732) 505 0423

* Member NJ & PA Bars
  LLM in Trial Advocacy
† Member Nat'l Academy of Elder Law Attorneys
▪ Certified by the Supreme Court of New Jersey as a
  Civil Trial Attorney
  Certified By The National Board of Trial Advocacy
  As A Civil Trial Advocate
  Rule 1:40 Qualified Mediator

October 25, 2021

VIA: PROCESS SERVOR
ATTN:  Manager
CIRCLE INFINITY
300 State Highway 36
West Long Branch, NJ  07764

      RE:   MICHAEL DEEM v. INFINITY FINANCIAL SERVICES,et als.
           DOCKET NO.:  OCN-L-2610-21
           OUR FILE NO.: 14335

Dear Sir/Madam:

      Enclosed please find a Summons and Complaint in this captioned matter.

      Please read the enclosed papers very carefully.  You have 35 days in which to file an Answer to the Complaint.

      If you had insurance at the time of the accident then I urge you to contact your insurance company and notify them of this lawsuit.

      Please be guided accordingly.

                Very truly yours,

                /s/ Michael J. Deem

                MICHAEL J. DEEM

MJD/kfs
Encl.

**R.C. SHEA & ASSOCIATES**
Counsellors At Law, P.C.
244 Main Street – PO Box 2627
Toms River, New Jersey 08754-2627
Tel: (732) 505-1212/ Fax (732) 505-0423
MJD: Atty. #020391998
Attorneys for Plaintiff
File Number:

|  |  |  |
|---|---|---|
| MICHAEL DEEM, on behalf of himself and a class of all other similarly situated residential and commercial consumers, | : : : : | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – OCEAN COUNTY Docket No.: OCN-L-2610-21 |
| Plaintiff(s), | : | |
| vs. | : : : : : | CIVIL ACTION SUMMONS |
| INFINITY FINANCIAL SERVICES, NISSAN MOTOR ACCEPTANCE COPRORATION, NISSAN- INFINITY LT, NISSAN INFINITY FINANCIAL SERVICES, CIRCLE INFINITY, INC., and XYZ Corporation 1-10 (a fictitious name for a business entity unknown at this time but who may be liable to plaintiff and the class as otherwise set forth in this Complaint or as a Debt Collector , | : : : : : : : : : : : : | |
| Defendants. | : | |

FROM THE STATE OF NEW JERSEY
TO THE DEFENDANT :          CIRCLE INFINITY

The plaintiffs, named above, have filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior

Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625.  A $135.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live.  A list of these offices is provided.  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.

*MICHELE M. SMITH*
Clerk of the Superior Court

Dated:   October 25, 2021

Defendant to be served:        CIRCLE INFINITY - Manager
Address:                       300 State Highway 36
                               West Long Branch, NJ  07764

**R.C. SHEA & ASSOCIATES**
Counsellors At Law, P.C.
244 Main Street – PO Box 2627
Toms River, New Jersey 08754-2627
Tel: (732) 505-1212/ Fax (732) 505-0423
MJD: Atty. #020391998
Attorneys for Plaintiff
File Number: _____

| | |
|---|---|
| MICHAEL DEEM, on behalf of himself and a class of all other similarly situated residential and commercial consumers, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – OCEAN COUNTY |
| | Docket No.: OCN- |
| Plaintiff(s), | |
| vs. | CIVIL ACTION |
| | **CLASS ACTION COMPLAINT, DEMAND FOR TRIAL BY JURY, CERTIFICATION OF OTHER ACTIONS, AND CERTIFICATION PURSUANT TO RULE 6:4-1(c), AND DESIGNATION OF TRIAL COUNSEL** |
| INFINITY FINANCIAL SERVICES, NISSAN MOTOR ACCEPTANCE COPRORATION, NISSAN- INFINITY LT, NISSAN INFINITY FINANCIAL SERVICES, CIRCLE INFINITY, INC., and XYZ Corporation 1-10 (a fictitious name for a business entity unknown at this time but who may be liable to plaintiff and the class as otherwise set forth in this Complaint or as a Debt Collector , | |
| Defendants. | |

## <u>INTRODUCTION</u>

1.    This is a suit concerning a collection and payment dispute of an End of Lease

Disposition Fee.

1

## BACKGROUND

2.      Plaintiff, Michael Deem, brings this collection and payment dispute against defendants, Infinity Financial Services ("IFS"), Nissan Motor Acceptance Corporation ("NMAC"), Nissan-Infinity-LT ("NILT), Nissan Infinity Services, ("NIFS") Circle Infinity, Inc., ("CIRCLE") and XYZ Corporation (a fictitious name for a business entity who may be liable to plaintiff and the class as otherwise set forth in this Complaint for its violation of the Fair Debt Collection Practices Act) on behalf of himself and a class of all other similarly situated residential and commercial consumers pursuant to Matter of Cadillac, 83 N.J. 412 (1983).  Michael J. Deem is an attorney at law of the State of New Jersey.  Pursuant to Matter of Cadillac, supra, he elects to soley proceed as class counsel in this action although he has been damaged by the unlawful acts set forth in the Complaint.

3.      Defendant, Circle, is an automobile dealership ("dealer") that sells and leases Infinity automobiles to the public, a process that begins with the presentation and signing of a Motor Vehicle Lease Agreement. Upon information and belief the dealerships such as Circle assign and transfer to defendant, NILT all their rights, title and interest, in and to each vehicle and lease agreement including all amounts payable thereunder pursuant to a written Retailer Agreement between lessor and IFS.

4.      Upon information and belief, lease agreement which are assigned to defendant, NILT, are thereafter considered to be lease agreements owned by NILT who thereafter may assign the lease to Nissan Infinity Services Co. ("NISC").

2

5.      Defendant, IFS, acts as a servicer of automobile leases owned by or assigned to NILT, or its assignees.  Monthly payments and End of Lease payments are calculated, billed, and collected by defendant, IFS, for all Infinity and Nissan Motor vehicles leased in New Jersey.

6.      Upon information and belief IFS is a division of NMAC.

7.      Upon information and belief NMAC owns, operates, controls and or manages IFS.

## PARTIES

8.      Plaintiff, Michael Deem, on his own behalf and for all others similarly situated, was a consumer and lessee of an Infinity/Nissan automobile.

9.      Plaintiff, Michael Deem, is a resident of Toms River, Ocean County, New Jersey.

10.     Defendant, Circle, is an automobile dealership and a domestic for profit corporation with its principal place of business located at 300 State Highway 36, West Long Branch, Monmouth County, New Jersey.

11.     Defendant, IFS, is a commercial business entity with its principal place of business at 8900 Freeport Parkway, Irving, Texas, 75063, and who conducts a substantial amount of business throughout New Jersey and in particular, Ocean County. Upon information and belief, this defendant is authorized to transact business in New Jersey.

3

12.     Defendant NILT is a commercial business entity/trust with its principal place

of business at P.O. Box 390889, Minneapolis, Minnesota, 55439-0889, and who conducts

a substantial amount of business in New Jersey and in particular, Ocean County. Upon

information and belief, this defendant is authorized to transact business in New Jersey.

13.     Defendant NMAC is a commercial business entity with its principal place of

business at One Nissan Way, Franklin, Tennessee, 37067, and who conducts a substantial

amount of business in New Jersey and in particular, Ocean County.  Upon information and

belief, this defendant is authorized to transact business in New Jersey.

14.     Defendants, IFS, and XYZ Corporation are each a "debt collector" as defined

under 15 U.S.C.A § 1692a(6).

## FACTS

15.     Plaintiff, on his own behalf and for all others similarly situated, re-alleges

and incorporate herein all previous paragraphs of this Complaint.

16.     Plaintiff and the class members entered into a written lease agreement for the

lease of a Nissan and or Infinity motor vehicle with Nisan and Infinity dealerships

throughout New Jersey.

17.     Upon information and belief these lease agreements were prepared by

Infinity Financial Services:

4

18.    The said lease agreement is generally a five page contract. This contract contains boilerplate legalese which, upon information and belief, is the same lease agreement and same contractual language used in every Nissan-Infinity consumer lessee in the State of New Jersey. Page 1 of 5 of the Lease says:



5

19.     The Lease contains a section called "OTHER CHARGES" and in this section is a flat fee charge of $395.00 for a Disposition Fee. See above.

20.     Nowhere in the Lease does it state that the consumer /class members will be charged a Disposition Fee greater than what is specifically set forth in the Lease agreement.

21.     Yet, at the end of the Plaintiff's lease the defendants issued their standard "End of Lease Liability Statement" wherein they identified their "Summary Charges" including a "Disposition Fee Tax" of $26.17:



**INFINITI**
EMPOWER THE DRIVE™    | INFINITI FINANCIAL SERVICES®

P.O. Box 660360    Dallas, Texas 75266-0360                                Telephone: 800.627.4437

MICHAEL DEEM
1013 SHEILA DR
TOMS RIVER, NJ 08753

| ACCOUNT INFORMATION | |
|---|---|
| Statement Date: | December 30, 2020 |
| Due Date: | 01/14/21 |
| Account Number: | 2900 9985 515 |
| Maturity Date: | 12/16/20 |
| Vehicle: | 17 INFINITI QX60 AWD |
| VIN: | 5N1DL0MMXHC557669 |
| Original / Actual Term: | 39 / 39 |
| Allowed / Actual Mileage: | 39026 / 32744 |

**END OF LEASE LIABILITY STATEMENT**

**SUMMARY OF CHARGES**

| | |
|---|---|
| Unsatisfied Contract Obligaton | |
| Term Tax | |
| Remaining Rents Due | |
| Late Charges Due | |
| Luxury Tax | |
| Excess Mileage Charge | |
| Excess Wear and Use* | |
| Tax on Excess Wear & Use/ Mileage at (6.625%) | |
| Miscellaneous Charges | |
| Property Tax | |
| Disposition Fee | 395.00 |
| Disposition Fee Tax | 26.17 |
| Repossession Fee | |
| GROSS LIABILITY | 421.17 |
| Payments Reversed | |
| Payments Received | |
| Misc Credits Received | |
| Security Deposit | |
| Previously Refunded | |
| NET LIABILITY | $ 421.17 |

**Have Questions?**

Call us at 800.887.5155

*For leases owned by Nissan-Infiniti LT, Infiniti Financial Services acts as servicer. Infiniti Financial Services is a division of Nissan Motor Acceptance Corporation.*

* Please note the itemization of wear and use is on the back, if applicable. If you purchased a protection product, please contact your provider to start your claim. Refer to your contract package received at inception for contact information and details.

6

22.    In addition, the lease has a section called "Itemization of Amount Due at Lease Signing or Delivery" wherein there is a itemization of amounts due / owed to the Lessor or refunds owed to the lessee.  See §18 above.

23.    Within the "Itemization of Amount Due at Lease Signing or Delivery" the Lessor has inserted "N/A" 8 times instead of inserting $0.0.  In fact, "N/A" was also inserted in the "OTHER CHARGES" section of the lease. See §18 above.

24.    The failure to disclose fees or taxes in a consumer lease and the inclusion of the term "N/A" in lieu of inserting an actual dollar amount, such as $0.0, is illegal.

25.    In fact, 15 U.S.C.A. § 1667a, (Consumer lease disclosures) states, in relevant part, that,

> Each lessor shall **give a lessee prior to the consummation of the lease** a dated written statement on which the lessor and lessee are identified **setting out accurately** and in a clear and conspicuous manner the following information with respect to that lease, as applicable:
>
> . . .
>
> (3) **The amount paid or payable by the lessee for official fees,** registration, certificate of title, or license fees **or taxes**;
>
> . . .
>
> (5) A statement of **the amount or method** of determining the amount **of any liabilities the lease imposes upon the lessee at the end of the term** and whether or not the lessee has the option to purchase the leased property and at what price and time;

(Emphasis added)

26. Additionally N.J.S.A. 56:12-62 (Lease requirements; contents; disclosures) states in relevant part that every lease:

> a. Shall be in writing and **contain all of the terms and conditions** of the lease agreement between the lessor and the lessee and shall be signed by the lessor and lessee;
>
> . . . .
>
> g. Shall provide the following information concerning the conditions of the lease:
>
> . . . .
>
> (4) A description of the **standards to be used** by the lessor in determining excessive wear or damage, and any liability the lease imposes upon the lessee at the end of the term of the lease, including any liability which may be imposed upon the lessee because of excessive wear or damage of the motor vehicle **and any disposition costs imposed upon the lessee**;

(Emphasis added)

27.    The essence of these statutes (15 U.S.C.A. § 1667a and N.J.S.A. 56:12-62) are clear.  Every consumer has the right to know, upfront, what the lease will cost him/her/it, upon commencement, during the term of the lease, and at the conclusion of the lease.  Therefore, if taxes or other charges were to be added to a Disposition Fee then this "standard", identified in N.J.S.A. 56:12-62, should have been disclosed upfront, upon inception of the lease for negotiation between lessor and lessee.

28.    Each time defendant(s) failed to inform its consumer that a tax or other amount of money would be added to the otherwise disclosed and pre-determined Disposition Fee set forth in the Lease Agreement, the defendant(s) prohibited the consumer from negotiating or demanding that the unauthorized and or undisclosed tax/fee be removed or reduced, or an otherwise better deal be sought by plaintiffs.

8

29.     The defendant(s) has/have been and continue to collect this undisclosed tax or increased fee from its consumers. Additionally, the defendants continue to fail to disclose lease terms, such as $0.00 as opposed to disclosing "N/A" which has been held to "presumed to injure the borrower by frustrating the purpose of permitting consumers to compare various available credit terms." Herrera v. First Northern Sav. and Loan Ass'n, 805 F.2d 896, 901 (10th Cir. 1986).

30.     This Disposition Fee Tax was never disclosed in the lease as required under, N.J.S.A. 56:12-62 and/or 15 U.S.C.A. § 1667a.

31.     The failure to disclose lease terms, such as $0.00 as opposed to disclosing "N/A" in violation of the CLA was enough to harm plaintiff and the class members to confer standing." Cox v. Porsche Financial Services, Inc., 342 F.Supp.3d. 1271,1283 (2018).

32.     Additionally, in Cox, supra, citing Jordan v. Toyota Motor Credit Corp., 236 F.3d 866 (7th Cir. 2001), the court found that a failure to disclose lease terms in violation of the Consumer Leasing Act ("CLA") was enough to harm the plaintiff to confer standing.

33.     More specifically the Jordan court reasoned that:

> The logic for this rule is rather simple. The CLA requires lessors to fully and truthfully disclose certain terms of a lease so that consumers can make informed choices.... If a lease does not properly disclose its terms, then consumers that rely on those untruthful or incomplete terms when deciding whether to enter into the lease necessarily make an uninformed decision. Therefore, the harm to the consumer for a CLA disclosure violation occurs when the consumer relies on the inaccurate disclosure and executes a lease without full and truthful

9

information. Because the misinformed consumer suffers an injury simply by entering the lease agreement, that consumer has standing to assert a CLA failure to disclose violation regardless of what acts the consumer or the lessor took after the parties executed the lease.

Cox v. Porsche Financial Services, Inc., 342 F.Supp.3d. 1271, 1283 (2018).

34.     Other courts throughout the country have similarly held that the failure to disclose is "presumed to injure the borrower by frustrating the purpose of permitting consumers to compare various available credit terms." Herrera v. First Northern Sav. and Loan Ass'n, 805 F.2d 896, 901 (10th Cir. 1986).

35.     In Myers v. Hexagon Co., 54 F.Supp.2d 742, 755 (E.D. Tenn. 1998), for example, the court agreed that the very act of putting "N/A" instead of "$0" when there was a trade-in was enough to constitute a "clear" violation of the CLA, awarding the plaintiff statutory damages without analyzing whether plaintiff suffered any additional harm under the Act other than non-disclosure.

## CLASS ALLEGATIONS

36.     Plaintiff, on behalf of himself and on behalf of all proposed class members, re-allege and incorporate herein all previous paragraphs of this Complaint.

37.     Plaintiff brings this action on behalf of himself and on behalf of all proposed class members, as consumers, including all consumers and all persons, entities, or firms who, at any time during the statute of limitations or otherwise, were assessed and or paid to the defendant(s) a "Disposition Fee Tax" when they were not informed, upfront, that a tax would be assessed and collected on the end of lease Disposition Fee.

10

38.    Plaintiff also brings this action on behalf of himself and on behalf of all proposed class members, as consumers, including all consumers and all persons, entities, or firms who, at any time during the statute of limitations or otherwise, failed to disclose necessary information to the plaintiff and class members by inserting "N/A" into the lease agreement instead of identifying a specific dollar amount such as $0.0 wich has been held to be a violation of the CLA.  See Myers v. Hexagon Co, supra,  Herrera v. First Northern Sav. and Loan Ass'n, *supra,* and see  Cox v. Porsche Financial Services, Inc, *supra*.

39.    This is a collection and payment dispute and not a suit seeking a seeking a tax refund.

40.    This action is brought, and may properly be maintained, as a class action under Rule 4:32. The proposed class satisfies the numerosity, typicality, adequacy, predominance, superiority, and all other requirements of the rule.

41.    The proposed class consists of well over 100 persons. The class is so numerous that joinder of all members is impracticable, and it is impracticable to bring all such persons before this Court.

42.    The injuries and damages to the class members in each class present common questions of law and fact including, but not limited to:

        a)    Whether the Disposition Fee Tax was disclosed to the plaintiff and the class members when they entered into their lease with defendant(s);

        b)    Whether the Disposition Fee Tax was agreed upon by the plaintiff and the class members when they entered into their lease with defendant(s);

11

c)  Whether the failure to disclose the Disposition Fee Tax in the Lease Agreement is a violation of N.J.S.A. 56:12-62 and/or the 15 U.S.C.A. § 1667a;

d)  Whether a fee or other amount due lease signing or delivery, which are itemized in the lease agreement as "N/A" instead of $0.0, is a failure to disclose under the CLA (15 U.S.C.A. § 1667a) or under N.J.S.A. 56:12-62;

e)  Whether the defendant (s) failure to disclose a known tax or fee is deceptive or otherwise violates New Jersey's Consumer Fraud Act and the regulations promulgated thereunder;

f)  Whether defendant (s) failure to disclose a known tax or fee is a violation of the Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA");

g)  Whether defendant's failure to disclose a known tax or fee is a violation of 15 U.S.C.A. § 1667a;

h)  Whether defendant's failure to disclose a known tax or fee is a violation of N.J.S.A. 56:12-62;

i)  Whether plaintiff and the class members sustained an ascertainable loss;

j)  Whether the plaintiff and the class members are entitled to be reimbursed by defendants an amount equal to the difference between what the Lease Agreement disclosed to the plaintiffs as the End of Lease Disposition Fee and what was actually collected by defendants at the end of the Lease for their payment of the End of Disposition Fee;

k)  Whether defendant(s) has/have engaged in the same conduct regarding all class members;

l)  Whether the defendant(s) have violated the Fair Debt Collection Practices Act;

m)   Whether the claims and injuries of the representative plaintiff are typical of the claims and injuries of the entire class, and the claims, and injuries of each class member are typical of those of the entire class.

43.   The defendant(s) has/have engaged in the same conduct with respect to all of the class members.

44.   The named plaintiff's claims, defenses, and injuries are typical of the claims, defenses, and injuries of all of the class members.

45.   The named plaintiff will fully and adequately protect and represent the interests of the class members.

46.   The identity of the class members is available from defendants' records and will be determined in discovery.

47.   The prosecution of separate actions by each class member would create a substantial risk of inconsistent or varying adjudications for each individual class member that would establish incompatible standards of conduct for the Plaintiff.

48.   The prosecution of separate actions would also create a substantial risk of adjudication with respect to individual members of the class, which, as a practical matter, would be dispositive of the interests of other members not parties to the adjudication, thereby substantially impairing and impeding their ability to protect those interests.

49.   The maintenance of this suit as a class action is the superior means of disposing of the common questions that predominate herein.

13

## COUNT ONE
## CONSUMER FRAUD

50.    Plaintiff on behalf of himself and on behalf of all proposed class members re-alleges and incorporate herein all previous paragraphs of this Complaint.

51.    The Plaintiff, class members, and defendants is/are considered to be a "person" under the Consumer Fraud Act.

52.    More specifically, N.J.S.A. 56:8-1(d) defines "person" as "any natural person or his legal representative, partnership, corporation, company, trust, business entity or association, and any agent, employee, salesman, partner, officer, director, member, stockholder, associate, trustee or cestuis que trustent thereof."

53.    During all times relevant hereto the defendant(s) engaged in the sale of merchandise.

54.    "The term "merchandise" shall include any objects, wares, goods, commodities, services or anything offered, directly or indirectly to the public for sale." N.J.S.A. 56:8-1(c).

55.    "Merchandise" includes leased motor vehicles.

56.    Under the Act, the term "sale" "shall include any sale, rental or distribution, offer for sale, rental or distribution or attempt directly or indirectly to sell, rent or distribute." N.J.S.A. 56:8-1(e).

57.    "Sale" includes leased vehicles.

14

58.    The defendant(s) Disposition Fee is considered by defendant(s) as a remaining balance on the plaintiff's and class members' account which is then billed to and collected from the plaintiff and the putative class following the defendant's "sale" of "merchandise" to said plaintiff and class members:



INFINITI
FINANCIAL
SERVICES'

P.O. Box 660360    Dallas, Texas 75266-0360                              Telephone: 800.627.4437

>00468 5682228 002 008143  DLLSIMLDEB
MICHAEL DEEM                                    December 30, 2020
1013 SHEILA DR
TOMS RIVER, NJ 08753                            Account:    2900 9985 515
                                                Vehicle:    17 INFINITI QX60 AWD
                                                VIN:        5N1DL0MMXHC557669

Thank you for returning your INFINITI QX60 AWD and bringing your lease with Infiniti Financial Services (IFS) to a close. You have been a valued lease customer and we appreciate your business.  We hope you were delighted with your QX60 AWD and the financial services we offered you.



Enclosed is your End of Lease Statement, which provides you with a detailed summary for your closed lease account. Currently, your account has a remaining balance of $421.17. Please be aware that you may receive subsequent billings for other amounts owed under the terms of the lease that have not yet been assessed. These items may include personal property tax, parking tickets, toll violations, or in rare occasions mechanical damage due to lack of maintenance.

If you purchased Excess Wear and Tear Protection products, please contact your provider to start your claim. Refer to your contract package received at inception for contact information and details.

To comply with state regulations, this notice has been sent to you via certified mail.

If you have any questions, or if we can be of additional assistance, please call us at 800.887.5155 between 7:00 a.m. to 6:00 p.m. Central Time, Monday through Friday.  Again, thank you for allowing us the opportunity to assist you with your financing needs.

Sincerely,

Infiniti Financial Services
Lease Customer Network

For leases owned by Nissan-Infiniti LT, Infiniti Financial Services is a division of Nissan Motor Acceptance Corporation.

59.    The defendant(s) failure to disclose the al fees and taxes in its lease agreement as required under N.J.S.A. 56:12-62 and/or 15 U.S.C.A. § 1667a, and defendant(s) subsequent collection of said undisclosed taxes and fees constitutes an unlawful act pursuant to N.J.S.A. 56:12-70.

15

60.    The defendant(s) failure to disclose the tax and fees in its lease agreement as required under N.J.S.A. 56:12-62 and/or 15 U.S.C.A. § 1667a, and defendant(s) subsequent collection practice constitutes unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation.

61.    In addition, defendant(s) failure to disclose the fees and tax in its lease agreement as required under N.J.S.A. 56:12-62 and/or 15 U.S.C.A. § 1667a, and defendant(s) subsequent collection practice (which seeks to recover a previously undisclosed fee and or tax) constitutes the known concealment, suppression, or omission of a material fact with intent that the plaintiff and class members rely upon such concealment, suppression, or omission in connection with the sale of its merchandise.

62.    As a result of the aforesaid unlawful practices of the defendant(s) the consumer plaintiff and as a class of all other similarly situated consumers, sustained an ascertainable loss.

63.    In addition to having paid or not received undisclosed fees or taxes which is/are an ascertainable loss, when the plaintiff and class members did not pay their fee /tax on time they were placed into collections.

64.    An improper debt or lien against a consumer constitutes an ascertainable loss under the Act because the consumer is obligated to pay an indebtedness arising out of conduct that violates the Act. Cox v. Sears Roebuck, 138 N.J. 2, 23 (1994).

16

65.    In addition to having paid the excessive disposition fee, which is an ascertainable loss, when the plaintiff and class members paid this excessive fee they were therefore deprived of the use of that money and its ability to earn interest or earn income from investments.

66.    "The failure to disclose lease terms in violation of the CLA was enough to harm plaintiff and the class members to confer standing." Cox v. Porsche Financial Services, Inc., 342 F.Supp.3d. 12711283 (2018).

67.    Additionally, in Cox, supra, citing Jordan v. Toyota Motor Credit Corp., 236 F.3d 866 (7th Cir. 2001), the court found that a failure to disclose lease terms in violation of the Consumer Leasing Act ("CLA") was enough to harm the plaintiff to confer standing.

68.    More specifically the Jordan court reasoned that:

> The logic for this rule is rather simple. The CLA requires lessors to fully and truthfully disclose certain terms of a lease so that consumers can make informed choices.... If a lease does not properly disclose its terms, then consumers that rely on those untruthful or incomplete terms when deciding whether to enter into the lease necessarily make an uninformed decision. Therefore, the harm to the consumer for a CLA disclosure violation occurs when the consumer relies on the inaccurate disclosure and executes a lease without full and truthful information. Because the misinformed consumer suffers an injury simply by entering the lease agreement, that consumer has standing to assert a CLA failure to disclose violation regardless of what acts the consumer or the lessor took after the parties executed the lease.

17

69.    Other courts throughout the country have similarly held that the failure to disclose is "presumed to injure the borrower by frustrating the purpose of permitting consumers to compare various available credit terms." Herrera v. First Northern Sav. and Loan Ass'n, 805 F.2d 896, 901 (10th Cir. 1986). Likewise, the named defendants injured the plaintiff and class members by frustrating the purpose of permitting consumers to compare various available credit terms.

70.    In Myers v. Hexagon Co., 54 F.Supp.2d 742, 755 (E.D. Tenn. 1998), for example, the court agreed that the very act of putting "N/A" instead of "$0" when there was a trade-in was enough to constitute a "clear" violation of the CLA, awarding the plaintiff statutory damages without analyzing whether plaintiff suffered any additional harm under the Act other than non-disclosure.

71.    The above are all examples of an ascertainable loss and of an aggrieved consumer and therefore constitutes standing to bring this claim.

**WHEREFORE,** plaintiff and class members demand judgment against the aforesaid defendant(s), Infinity Financial Services, Nissan Motor Acceptance Corporation, Nissan- Infinity LT, Nissan Infinity Financial Services, and Circle Infinity, Inc. jointly, severally or in the alternative, for an Order

a.    Determining at the earliest possible time that this matter may proceed as a class action under Civil Rule 4:32, and certifying the class;

b.    That defendant(s) aforesaid violated N.J.S.A. 56:12-62 and/or 15 U.S.C.A. § 1667a.

c.    That defendant(s) aforesaid violated the Consumer Fraud Act;

18

d.    For damages and treble damages;

e.    For reasonable costs and attorney fees under the Consumer Fraud Act;

f.    For injunctive relief prohibiting defendant(s) from continuing with its deceptive sales and collection practice; and

g.    For such other or further relief as the Court deems the plaintiff and the class members entitled.

## COUNT TWO

## TRUTH-IN-CONSUMER CONTRACT, WARRANTY AND NOTICE ACT (TCCWNA CLAIM)

72.    Plaintiff on behalf of himself and on behalf of all proposed class members re-alleges and incorporate herein all previous paragraphs of this Complaint.

73.    During all times relevant hereto the plaintiff and class members were consumers under the Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA").

74.    During all times relevant hereto the Defendant(s) was/were a seller, lessee, creditor, or lender under the TCCWNA.

75.    During all times relevant hereto the Defendant(s) offered the consumer plaintiff and class members a contract or gave notice to the consumer plaintiff and class members which included provisions that violate a legal right of the said plaintiff and class members or responsibility of the seller.

19

76.    The Truth-in-Consumer Contract, Warranty and Notice Act, specifically

N.J.S.A. 56:12-15 and N.J.S.A. 56:12-17, respectively, state in relevant part, the following:

> No **seller**, lessor, creditor, lender or bailee shall in the course of his business offer to any **consumer** or prospective consumer or enter into any written **consumer contract** or give or display any written consumer warranty, **notice** or sign after

> the effective date of this act which includes any provision that **violates any clearly established legal right** of a consumer or responsibility of a seller, lessor, creditor, lender or bailee as established by **State or Federal law** at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed.

> . . . .

> Any person who violates the provisions of this act shall be liable to the **aggrieved** consumer for a **civil penalty of not less than $100.00** or for actual damages, or both **at the election** of the consumer, together with reasonable **attorney's fees** and court costs.

77.    By entering into a lease agreement (consumer contract) with plaintiff and the

putative class (consumers) the defendant(s) became a seller/ lessor.

78.    Additionally, by sending the plaintiff and class members an "End of Lease

Liability Statement", and "End of Lease Liability Notice of Default", the defendant(s)

became creditors.

79.    According to TCWWNA, "State or Federal law" establishes the legal rights

of consumers and responsibilities of sellers and creditors.

80.     N.J.S.A. 56:8-1 et seq. (the New Jersey Consumer Fraud Act or "CFA"); 15

U.S.C.A. § 1667a, (Consumer Lease Disclosures); N.J.S.A. 56:12-62, and N.J.S.A.

54:32B-3 are the "State or Federal law" that provide to consumers "clearly established

legal rights".

81.     In particular, the Consumer Fraud Act (N.J.S.A. 56:8-2) prohibits

> The act, use or employment by any person of any
> unconscionable commercial practice, deception, fraud, false
> pretense, false promise, misrepresentation, or the knowing,
> concealment, suppression, or omission of any material fact
> with intent that others rely upon such concealment, suppression
> or omission, in connection with the sale or advertisement of
> any merchandise or real estate, or with the subsequent
> performance of such person as aforesaid, whether or not any
> person has in fact been misled, deceived or damaged thereby,
> is declared to be an unlawful practice . . .

82.     Additionally, 15 U.S.C.A. § 1667a (Consumer lease disclosures) states that

> Each lessor shall **give a lessee prior to the consummation of
> the lease** a dated written statement on which the lessor and
> lessee are identified **setting out accurately** and in a clear and
> conspicuous manner the following information with respect to
> that lease, as applicable:
>
>                              . . .
>
> (3) **The amount paid or payable by the lessee** for official
> fees, registration, certificate of title, or license fees **or taxes**;
>
>                              . . .
>
> (5) A statement of **the amount or method** of determining the
> amount **of any liabilities the lease imposes upon the lessee at
> the end of the term** and whether or not the lessee has the

21

> option to purchase the leased property and at what price and time;

(Emphasis added)

83.    Moreover, N.J.S.A. 56:12-62 (Lease requirements; contents; disclosures) states in relevant part that every lease:

> a. Shall be in writing and contain **all of the terms and conditions** of the lease agreement between the lessor and the lessee and shall be signed by the lessor and lessee;
>
> . . . .
>
> g. Shall provide the following information concerning the conditions of the lease:
>
> . . . .
>
> (4) A description of the **standards to be used** by the lessor in determining excessive wear or damage, and any liability the lease imposes upon the lessee at the end of the term of the lease, including any liability which may be imposed upon the lessee because of excessive wear or damage of the motor vehicle **and any disposition costs imposed upon the lessee;**
> (Emphasis added)

84.    For years leading up to 2021, the defendant(s) failed to comply with N.J.S.A. 56:12-62 and 15 U.S.C.A. § 1667a and further violated the Consumer Fraud Act (N.J.S.A. 56:8-2) when defendant(s) presented the plaintiff and class members, as consumers, with a contract that contains terms contrary to any established state or federal right of the consumer.    Martinez-Santiago v. Public Storage, D.N.J. 2015, 312 F.R.D. 380, class decertified 331 F.R.D. 94.

85.     In particular, the defendants failed to disclose truthful and complete terms, up front and in their contract or notice to their consumers, that defendant(s) would assess and collect a disposition fee in excess of what was specifically set forth in the Lease Agreement, and also failed to disclose truthful and complete terms such as including putting "N/A" instead of "$0".   The contract term "N/A" violates a clear established legal right of a consumer lessor as established by State or Federal law as set forth above.

86.     The plaintiff on behalf of himself and on behalf of all proposed class members are an "aggrieved consumer" who (1) paid an inflated end of lease disposition fee to defendant(s), (2) were placed into collection by defendant(s) when they did not pay the inflated end of lease disposition fee when due, (3) felt compelled to pay the inflated end of lease disposition fee to avoid or escape the harassing collection agencies and practices, and (4) deprived plaintiffs of the use of excess monies taken by defendant(s) and said money's ability to earn interest or earn income from investments.

**WHEREFORE,** plaintiff and class members demand judgment against the aforesaid defendant(s), Infinity Financial Services, Nissan Motor Acceptance Corporation, Nissan- Infinity LT, Nissan Infinity Financial Services, and Circle Infinity, Inc. jointly, severally or in the alternative, for an Order as follows:

a.     Determining at the earliest possible time that this matter may proceed as a class action under R. 4:32 and certifying this case as such;

b.     A civil penalty of at least $100.00 for each unlawful act under TCCWNA, including each violation of State and Federal law;

c.     Reasonable attorney's fees and other expenses under TCCWNA;

23

d.    Injunctive relief prohibiting defendant(s) from continuing with its unlawful practice; and

e.    Such other or further relief as this Honorable Court deems plaintiff and the class entitled.

## COUNT THREE

## BREACH OF GOOD FAITH AND FAIR DEALING

87.    Plaintiff on behalf of himself and on behalf of all proposed class members re-alleges and incorporate herein all previous paragraphs of this Complaint.

88.    During all times relevant hereto there existed a valid contract between the parties, such as seen in paragraph 14 above herein.

89.    In New Jersey, every party to a contract is bound by a duty of good faith and fair dealing both in the performance and enforcement of the contract.

90.    The plaintiff and class members performed under the terms of the contract.

91.    Although the plaintiff and class members performed under the terms of the contract the defendant(s) engaged in conduct, apart from its contractual obligations, without good faith, and for the purpose of depriving the plaintiff and class members of the rights and benefits under the contract which included assessing and collecting an undisclosed fee and or illegal tax on the lease disposition fee which caused the plaintiff and the class members to sustain damage, harm, or a loss.

**WHEREFORE,** the plaintiff and class members demand judgment against the aforesaid defendant(s), Infinity Financial Services, Nissan Motor Acceptance Corporation, Nissan- Infinity LT, Nissan Infinity Financial Services, and Circle Infinity, Inc. jointly, severally or in the alternative, for an Order:

a.   Determining at the earliest possible time that this matter may proceed as a class action under R. 4:32 and certifying this case as such;

b.   For compensatory damages;

c.   For punitive damages;

d.   For reimbursement of unlawfully collected and or retained monies with interest;

e.   For the imposition of a construct trust;

f.   For reasonable attorney's fees and other expenses;

g.   For injunctive relief prohibiting Defendant(s) from continuing with its unlawful practice; and

h.   For such other or further relief as this Honorable Court deems plaintiff and the class members entitled.

## COUNT FOUR
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

92.   Plaintiff on behalf of himself and on behalf of all proposed class members re-alleges and incorporate herein all previous paragraphs of this Complaint.

93.   The claims of Plaintiff on behalf of himself and on behalf of all proposed class members against Defendant, Infinity Financial Services, and defendant, XYZ Corp, the unidentified collection agency who contacted plaintiff and the class members, fall

squarely within the meaning of "debt" as defined by 15 U.S.C.A § 1692a(5), which defines "debt" as "any obligation *or alleged obligation* of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to a judgment."

94.     The Plaintiff on behalf of himself and on behalf of all proposed class members are a consumer as defined under 15 U.S.C.A § 1692a(3).

95.     In particular, the plaintiff and each class member is a natural person obligated or allegedly obligated to pay a debt under§1692a(5). This is evident by the fact that the defendants have issued to the plaintiff and class members written correspondence through the United States mail (End of Lease Liability Statement and End of Lease Notice of Default) demanding plaintiff and the class members demanding and alleging they are obligated to pay a debt, namely the End of Lease Disposition Fee and Disposition Fee Tax.

96.     The defendants, Nissan Motor Acceptance Corporation ("NMAC") and Nissan-Infinity LT, are considered a creditor under 15 U.S.C.A § 1692a(4).

97.     Defendant, Infinity Financial Services, as a servicer or loss mitigation servicer for leases owned by Nissan-Infinity LT, and or Nissan Motor Acceptance Corporation and defendant, XYZ Corp, the unidentified collection agency who contacted plaintiff and the class members, are considered a debt collector 15 U.S.C.A § 1692a(6).

98.    The End of Lease Liability Statement and End of Lease Notice of Default issued by defendant, Infinity Financial Services, violate the Fair Debt Collection Practices Act, 15 U.S.C.A 1692, et seq.

99.    In particular, one such unfair practice includes the said Defendant's violation of § 1692f(1) which prohibits a debt collector for using "unfair or unconscionable means to collect or attempt to collect any debt."

100.    In fact, one such illegal means to collect a debt which is a violation of this section includes "(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

101.    In the case at bar the defendants collected or attempted to collect from the plaintiff and class member a debt, i.e. an inflated, undisclosed, and unauthorized fee.

102.    The defendant's Disposition Fee Tax is illegal.  Not only does it violate N.J.S.A. 56:12-62 and 15 U.S.C.A. § 1667a, but an end of lease Disposition Fee is not subject to sales tax, N.J.S.A. 54:32B-3.

103.    Each defendant used instrumentalities of interstate commerce or the mail in their business, the principal purpose of which is the collection this undisclosed fee / tax as a debt to said defendant or its client, and who regularly collects or attempt to collect, directly or indirectly, this undisclosed fee as a debt owed or due or asserted to be owed or due another. As an example, IFS used the following instrumentalities of interstate commerce or the mail to collect a debt or in an attempt to collect a debt:



104.    As a direct result of the acts and omissions of defendants, which violate the FDCPA, the plaintiff and class members have suffered damages and an injury in fact.

**WHEREFORE,** the plaintiff on behalf of himself and on behalf of all proposed class members demand judgment against defendants, Infinity Financial Services and XYZ Corporation for actual damages, additional statutory damages, Attorney's Fees, Costs and for such other relief as the court may deem just.

## COUNT FIVE
## VIOLATION OF THE  15 USCA 1667 et seq.

105.    Plaintiff on behalf of himself and on behalf of all proposed class members re-alleges and incorporate herein all previous paragraphs of this Complaint.

106.    Defendant(s) failed to comply with 15 USCA 1667 et seq. as outlined above.

107.    The Defendant(s) failed to comply with 15 USCA 1667 et seq. as outlined above was a proximate cause of the plaintiff's injuries and injuries to the class members.

108.    Defendant(s) failed to comply with 15 USCA 1667 et seq. as outlined above resulted in the plaintiff and class members sustaining actual damages.

**WHEREFORE**, the plaintiff and class members demand judgment against the aforesaid defendant(s), Infinity Financial Services, Nissan Motor Acceptance Corporation, Nissan- Infinity LT, Nissan Infinity Financial Services, and Circle Infinity, Inc. jointly, severally or in the alternative, for damages, additional statutory damages, Attorney's Fees, Costs and for such other relief as the court may deem just.

## CERTIFICATION PURSUANT TO R. 4:5-1(b)(2)

I certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration proceeding and no other action or arbitration proceeding is contemplated.  At the present time, I do not know the names of any parties who should be joined in this action.

## JURY DEMAND PURSUANTE TO RULE 4:35-1

Plaintiffs demand a trial by jury of the within issues.

## NOTICE OF DESIGNATION OF TRIAL COUNSEL PURSUANT TO R. 4:5-1(c)

Plaintiff hereby designates the undersigned, MICHAEL J. DEEM, Esq., as trial

counsel in this matter.

**R.C. SHEA & ASSOCIATES, P.C.**
Attorneys for Plaintiffs

*Michael J. Deem*
MICHAEL J. DEEM, ESQ.

Dated: October 8, 2021

30

# Civil Case Information Statement

**Case Details: OCEAN | Civil Part Docket# L-002610-21**

**Case Caption:** DEEM MICHAEL  VS INFINITY FINANCIAL
S ERVICES

**Case Initiation Date:** 10/08/2021

**Attorney Name:** MICHAEL JAMES DEEM

**Firm Name:** R. C. SHEA & ASSOCIATES

**Address:** 244 MAIN STREET PO BOX 2627
TOMS RIVER NJ 08754

**Phone:** 7325051212

**Name of Party:** PLAINTIFF : Deem, Michael

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** OTHER Class Action

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Are sexual abuse claims alleged by:** Michael Deem? NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
     **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
     **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** YES

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/08/2021
Dated

/s/ MICHAEL JAMES DEEM
Signed