**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL DEEM,<br><br>          Plaintiff,<br><br>          v.<br><br>INFINITI FINANCIAL SERVICES *et al.*,<br><br>          Defendants. | Civil Action No. 21-20105 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

    This matter comes before the Court on Defendants Infiniti Financial Services, Nissan Motor Acceptance Company LLC, Nissan-Infiniti LT, Nissan-Infiniti Financial Services, and Circle Infiniti's (collectively, the "Nissan Defendants") Motion to Compel Arbitration and to Stay or Dismiss the Proceedings. (ECF No. 4.) Pro se Plaintiff Michael Deem ("Deem") opposed (ECF No. 5), and the Nissan Defendants replied (ECF No. 6). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants the Nissan Defendants' Motion.

**I.    BACKGROUND[1]**

    Deem[2] brings this putative class action on behalf of himself and all other consumers arising out of vehicle leases they entered into with Nissan and Infiniti dealers in New Jersey. (Notice of

---

[1] Only a brief recitation of the relevant background facts is necessary because the Court's decision does not address the merits of Deem's claims.

[2] Although Deem proceeds pro se, the pleadings reflect that he is an attorney. (Notice of Removal Ex. A Compl. ¶ 2, ECF No. 1.)

Removal Ex. A ("Compl.") ¶ 2, ECF No. 1.) Deem entered into an agreement to lease a Nissan/Infiniti vehicle (the "Lease Agreement"). (*Id.* ¶¶ 8, 16.) The Lease Agreement states in pertinent part:

> EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE, EXCEPT AS STATED BELOW, BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
>
> IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE, AS A CLASS REPRESENTATIVE OR CLASS MEMBER, ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATORS . . .
>
> Except as otherwise stated below, any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this clause and the arbitrability of the claim or dispute), between you and us . . . shall be resolved by . . . arbitration and not a court action.

(Defs.' Moving Br. Ex. A, ECF No. 4-2.) Deem alleges that the Nissan Defendants failed to disclose certain fees and taxes under the Lease Agreement in violation of state and federal law. (*See generally* Compl.)

On October 8, 2021, Deem commenced this action in New Jersey Superior Court on behalf of himself and all similarly situated persons who entered into lease agreements with Nissan and Infiniti dealerships throughout New Jersey. (*See generally* Compl.) Deem alleges five-counts against the Nissan Defendants, including claims for (1) consumer fraud, (2) violation of the Truth-in-Consumer Contract, Warranty, and Notice Act, (3) breach of the covenant of good faith and fair dealing, (4) violation of the Fair Debt Collection Practices Act, and (5) violation of 15 U.S.C. 1667 *et seq.* (*Id.* ¶¶ 14-29.)

In response, the Nissan Defendants filed a motion to compel arbitration, requesting that the Court stay or dismiss this action pending arbitration proceedings. (Defs.' Moving Br. 1-2, ECF

Removal Ex. A ("Compl.") ¶ 2, ECF No. 1.) Deem entered into an agreement to lease a Nissan/Infiniti vehicle (the "Lease Agreement"). (*Id.* ¶¶ 8, 16.) The Lease Agreement states in pertinent part:

> EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE, EXCEPT AS STATED BELOW, BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
>
> IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE, AS A CLASS REPRESENTATIVE OR CLASS MEMBER, ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATORS . . .
>
> Except as otherwise stated below, any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this clause and the arbitrability of the claim or dispute), between you and us . . . shall be resolved by . . . arbitration and not a court action.

(Defs.' Moving Br. Ex. A, ECF No. 4-2.) Deem alleges that the Nissan Defendants failed to disclose certain fees and taxes under the Lease Agreement in violation of state and federal law. (*See generally* Compl.)

On October 8, 2021, Deem commenced this action in New Jersey Superior Court on behalf of himself and all similarly situated persons who entered into lease agreements with Nissan and Infiniti dealerships throughout New Jersey. (*See generally* Compl.) Deem alleges five-counts against the Nissan Defendants, including claims for (1) consumer fraud, (2) violation of the Truth-in-Consumer Contract, Warranty, and Notice Act, (3) breach of the covenant of good faith and fair dealing, (4) violation of the Fair Debt Collection Practices Act, and (5) violation of 15 U.S.C. 1667 *et seq.* (*Id.* ¶¶ 14-29.)

In response, the Nissan Defendants filed a motion to compel arbitration, requesting that the Court stay or dismiss this action pending arbitration proceedings. (Defs.' Moving Br. 1-2, ECF

No. 4.) Specifically, Defendants assert that Deem's claims arise out of the Lease Agreement, which contains a valid arbitration clause permitting arbitration of not only all claims relating to the Lease Agreement but also disputes over the arbitrability of those claims. (*Id.* at 2-3.)

## II. LEGAL STANDARD

### A. Motion to Compel Arbitration

The Federal Arbitration Act ("FAA") dictates that written arbitration agreements entered into in connection with "a contract evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract[.]" 9 U.S.C. § 2. When a party seeks to enforce an arbitration agreement, it may request from the court "an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Id.* § 4. Accordingly, the FAA grants courts the power to compel arbitration and to stay or dismiss claims subject to a valid arbitration agreement. *Id.* § 3. Specifically, the FAA "mandates that district courts shall direct the parties to proceed to arbitration on issues . . . to which an arbitration agreement" applies. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original). This mandate that courts "rigorously enforce agreements to arbitrate" stems from the legislative intent which drove the enactment of the FAA; specifically, Congress enacted the FAA to establish a strong federal policy in support of private arbitration agreements. *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).

### B. Federal Rule of Civil Procedure 12(b)(6)

When deciding a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). "To survive a motion to dismiss,

a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Importantly, on a Rule 12(b)(6) motion to dismiss, "the defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Nonetheless, "a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted). Thus, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III.   **DISCUSSION**

Before reaching the question of whether it should compel arbitration, the Court must first decide whether to apply the Rule 12(b)(6) or Rule 56 standard of review. *Sanford v. Bracewell & Guiliani, LLP*, 618 F. App'x 114, 117 (3d Cir. 2015). If the face of the complaint and documents relied on in the complaint clearly demonstrate the parties' agreement to an enforceable arbitration clause, the Court will use a "Rule 12(b)(6) standard without discovery's delay." *See Guidotti v. Legal Helpers Debt Resol., L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013). But the 12(b)(6) standard should not be employed where the complaint is insufficiently clear to facially establish an enforceable agreement to arbitrate or where the opposing party has "come forth with reliable evidence . . . that it did not intend to be bound by the arbitration agreement." *Id.* at 774 (internal quotations and citations omitted). Rather, in these scenarios, the court must permit the parties to engage in limited discovery as to the existence of an enforceable arbitration agreement; following

4

such discovery, the "court may entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard." *Id.* at 776.

Here, Plaintiff explicitly relies on the Lease Agreement in the Complaint, and therefore, the Court may consider it in evaluating the Nissan Defendants' Motion. The Court, therefore, is well-equipped to determine the applicability of the dispute resolution clause, and a Rule 12(b)(6) motion is appropriate. *See id.* at 771.

Having decided that a Rule 12(b)(6) standard is appropriate, the Court addresses whether the Lease Agreement's arbitration clause is valid and enforceable. Next, the Court determines whether the Lease Agreement's arbitration clause properly delegates the issue of arbitrability to the arbitrator.

### A. The Parties Do Not Dispute that the Lease Agreement's Arbitration Clause is Valid and Enforceable.

In evaluating whether the claims in question are subject to an enforceable arbitration agreement, ordinary principles of state contract law apply. *Kirlies v. Dickie*, 560 F.3d 156, 160 (3d Cir. 2009). Accordingly, "[b]ecause 'arbitration is a matter of contract between the parties,' a judicial mandate to arbitrate must be predicated upon the parties' consent." *Guidotti*, 716 F.3d at 771 (quoting *Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd.*, 636 F.2d 51, 54 (3d Cir. 1980)).

Deem readily admits that the Lease Agreement is a valid contract. (Pl.'s Opp'n Br. 7, ECF No. 5.) The Court, nevertheless, continues its' analysis since pro se complaints should be construed liberally. *Erickson*, 551 U.S. at 94. On review, the Court finds that the Lease Agreement contains a valid and enforceable arbitration clause by its clear terms. To be sure, Deem does not contend that the Lease Agreement itself is unconscionable or void, nor does the Court find a reason to determine that it is. (*Id.*) The only dispute Deem raises is whether his claims fall within the scope of the Lease Agreement's arbitration clause. (*See* Pl.'s Opp'n Br. 7 ("[T]he question for . . . [the] Court is 'whether the dispute at issue falls within the scope of the arbitration agreement' . . . .").)

5

Before the Court reaches that dispute, however, it must determine whether the issue of arbitrability is properly decided here or before the arbitrator.

### B. The Delegation Clause Requires that an Arbitrator Resolve the Question of the Arbitrability of Plaintiff's Claims.

The parties dispute whether the Court should compel arbitration as to Deem's claims, including whether the question of the arbitrability of those claims is itself reserved for arbitration. The Nissan Defendants contend that an arbitrator, rather than the judiciary, must decide the arbitrability of these claims (Def.'s Moving Br. 8.) In opposition, Deem contends that the question of arbitrability must be judicially determined for two reasons. First, Deem believes the delegation clause is invalid, claiming it is insufficiently specific to defeat the presumption of judicial determination of questions of arbitrability (Pl.'s Opp'n Br. 22.) Second, Deem argues that since the claims are "collection or payment" disputes, they fall within an exception to the arbitration agreement and are thus not subject to any of its provisions. *Id.*

The Supreme Court instructs that "parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." (2009). *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010). When an arbitration agreement "delegates the arbitrability question to an arbitrator . . . a court possesses no power to decide the arbitrability issue." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019). Notwithstanding an otherwise valid arbitration agreement, a party may challenge the provision delegating arbitrability to the arbitrator. *See Cavallo v. Uber Techs., Inc.*, No. 16-4264, 2017 WL 2362851, at *9 (D.N.J. May 31, 2017) (citing *Rent-A-Ctr*, 561 U.S. at 72).

Not all delegation clauses are enforceable, however. *Puleo v. Chase Bank USA, N.A.*, 605 F.3d 172, 187 (3d Cir. 2010). Specifically, for a delegation clause to defeat the presumption favoring judicial determination of arbitrability questions, it "must be clear, precise, and entirely

6

unequivocal, free from ambiguity or multiple interpretations." *Wolf v. Nissan Motor Acceptance Corp.*, No. 10-3338, 2011 WL 2490939, at *4 (D.N.J. June 22, 2011). Notably, the burden for proving a valid delegation clause is "onerous," as "only by [enforcing] . . . this strict standard will a court ensure that both parties . . . receive the benefit of their bargain and, in accordance with their expectations, be compelled to do what they agreed to do."[3] *Id.*; *see also AT&T Techs, Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986) (stating that the parties can defeat the presumption of judicial determination of arbitrability questions by "*clearly and unmistakably*" agreeing to arbitrate such questions) (emphasis added).

Here, the Court finds that the delegation clause is "clear, precise, and entirely unequivocal, free from ambiguity or multiple interpretations" and defeats the presumption of judicial determination. *Wolf*, 2011 WL 2490939, at *4. The delegation clause states that "any claim or dispute . . . (including the interpretation and scope of this clause and the arbitrability of the claim or dispute), between you and us . . . shall be resolved by . . . arbitration[.]" (Defs.' Moving Br. Ex A.) This broad language constitutes "clear and unmistakable evidence that the parties agreed to delegate arbitrability." *Richardson v. Coverall N. Am., Inc.*, 811 F. App'x 100, 103 (3d Cir. 2020). In fact, another district court in *Battle v. Nissan Motor Acceptance Corp.* dealt with the *exact same* arbitration clause and similarly found that the delegation clause was enforceable. No. 05-0669, 2007 WL 1095681, at *3 (E.D. Wis. Mar. 9, 2006) (finding that the parties "clearly and unmistakably agreed" to submit questions of arbitrability to arbitration, thereby defeating the presumption of judicial determination.).

---

[3] *See id.* at *4 (explaining that a failure to implement a strict standard for enforcing delegation clauses "might too often force unwilling parties to arbitrate a matter they reasonably would have thought a judge, not an arbitrator, would decide").

7

As the *Battle* court concluded, this clause clearly and unmistakably indicates that the parties agreed to arbitrate issues of arbitrability. Frankly, the Court finds it difficult to imagine language more clearly delegating the authority to resolve arbitrability questions to an arbitrator than "including . . . the *arbitrability of the claim or dispute*." *Id.* (emphasis added). The Court, therefore, concludes that the arbitration provision valid and the scope of that provision an issue for the arbitrator to review.

### C. Deem's Contention that His Claims are an Exception to Lease Agreement's Arbitration Clause is Also a "Question of Arbitrability" that Must be Resolved by Arbitration.

Deem argues that his claims fall within the scope of an explicit exception to the arbitration agreement for disputes over "collection and payment" (Pl.'s Opp'n Br. 22.) The argued-for exception states in relevant part: "This Arbitration Clause does not apply to any claim or dispute relating to excessive wear and use, including collection or payment disputes . . . ." (*Id.* at 13.)

The power of a valid delegation clause is absolute. *See Henry Schein, Inc.*, 139 S. Ct. at 526. Importantly, the Supreme Court in *Henry Schein* held that "when the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract, even if the court thinks that the arbitrability claim is wholly groundless." *Id.* Therefore, courts must at all times enforce a valid delegation clause and refrain from engaging in its own analysis as to whether the claims in question fall within the purview of the arbitration agreement. *See id.* at 530 ("[I]f the agreement delegates the arbitrability issue to an arbitrator, a court may not decide the arbitrability issue."). Specifically, even if the court strongly believes that a plaintiff's claims are explicitly exempted from the scope of the arbitration agreement, the court must nevertheless submit such questions of arbitrability to an arbitrator. *See id.* at 529 (explaining that when an agreement delegates authority to decide arbitrability issues to an arbitrator, "a court possesses no power to decide the arbitrability issue").

8

Here, Deem's argument defies the clear mandate of the Supreme Court. *Id.* Indeed, Deem's contention that his claims are exempted from the agreement is, at bottom, an issue of arbitrability. Just as the Supreme Court ruled in *Henry Schein, Inc.*, even if it were completely obvious that Deem's claims amounted to an exception, such arbitrability issues nevertheless must be reserved for arbitration in accord with the valid delegation clause between the parties. *Id.* Therefore, the Court grants the Nissan Defendants' Motion to Compel Arbitration, as the arbitrator alone has the power to determine the arbitrability of Deem's claims.

## IV. CONCLUSION

For the reasons above, the Court grants the Nissan Defendants' Motion. The Court will issue an order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE